IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANABEL RONQUILLO, | ) | CASE NO. 8:12CV170 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| LEPRINO FOODS COMPANY, | ) | |
| ROGER, last name unknown, and | ) | |
| LISA LNUK, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed her Complaint in this matter on May 14, 2012. (Filing No. 1.) Plaintiff has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I.    SUMMARY OF COMPLAINT

Plaintiff filed her Complaint in this matter against Leprino Foods Company, "Roger last name unknown," and "Lisa LNUK." (Filing No. 1 at CM/ECF p. 1.) Liberally construed, Plaintiff sues Defendants for discrimination under Title VII of the Civil Rights Act of 1964. Her allegations, in their entirety, are as follows:

> I was told by my supervisor that he was going to make sure you don't work here for long. [T]he next day[,] on 1-4-11[,] I was told by the employment agency that they [sic] Respondent did not want me back and I was terminated.
>
> I was discrimination [sic] by Roger and Retaliation.

(Id. at CM/ECF p. 2.)

As relief, Plaintiff seeks "back pay." (Id. at CM/ECF p. 5.) Plaintiff states that she filed a charge of discrimination with the Equal Employment Opportunity Commission

("EEOC") on October 20, 2011. (*Id.*) However, she does not allege that she received a right-to-sue notice from the EEOC.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.,* 294 F.3d 1043, 1043-44 (8th Cir. 2002), (citations omitted).

## III. DISCUSSION OF CLAIMS

Liberally construed, Plaintiff's claims are brought pursuant to Title VII of the Civil Rights Act. Title VII states that it is unlawful for an employer "to fail or refuse to hire or to

2

discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).

In order to set forth a prima facie case of discrimination under Title VII, a plaintiff must allege that (1) she belongs to a protected class; (2) she was meeting the legitimate expectations of her employer; (3) she suffered an adverse employment action; and (4) circumstances exist that give rise to an inference of discrimination. *Wheeler v. Aventis Pharm.*, 360 F.3d 853, 857 (8th Cir. 2004), (*abrogated on other grounds by* *Torgerson v. City of Rochester*, 643 F.3d 1031 (8th Cir. 2011)). Additionally, prior to filing a suit in federal court under Title VII, a plaintiff is required to exhaust his administrative remedies by first seeking relief through the EEOC or the NEOC. The EEOC/NEOC will then investigate the charge and determine whether to file suit on behalf of the charging party or make a determination of no reasonable cause. If the EEOC/NEOC determines that there is no reasonable cause, the agency will then issue the charging party a right-to-sue notice. 42 U.S.C. § 2000e-5(b); *see also* *Hanenburg v. Principal Mut. Life Ins. Co.*, 118 F.3d 570, 573 (8th Cir. 1997). The charging party has 90 days from the receipt of the right-to-sue notice to file a civil complaint based on his charge. 42 U.S.C.A. § 2000e-5(f)(1). The civil complaint may only encompass issues that are reasonably related to the substance of charges timely brought before the EEOC/NEOC. *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994).

Here, Plaintiff does not allege that she is a member of a protected class, or that she was meeting the legitimate expectations of her employer. As such, Plaintiff has failed to

3

set forth a prima facie case of discrimination under Title VII. In addition, Plaintiff has not filed a copy of her EEOC charge or her right-to-sue notice. Thus, the court cannot determine whether Plaintiff's claim is timely. On the court's own motion, the court will permit Plaintiff 30 days in which to (1) amend her Complaint to allege a prima facie case of discrimination under Title VII, and (2) file a copy of her EEOC charge and right-to-sue notice with the court.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until **July 29, 2012,** to amend her Complaint to clearly state a claim upon which relief may be granted against Defendants in accordance with this Memorandum and Order. If Plaintiff fails to file an amended complaint, Plaintiff's claims against Defendants will be dismissed without further notice for failure to state a claim upon which relief may be granted;

2. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on **July 29, 2012**; and

3. Plaintiff shall keep the court informed of her current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice.**

DATED this 29th day of June, 2012.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.