IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **ANABEL RONQUILLO,** | ) | **CASE NO. 8:12CV170** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **LEPRINO FOODS COMPANY, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on its own motion. On June 29, 2012, the court conducted an initial review of Plaintiff's Complaint and found that Plaintiff failed to set forth a prima facie case of discrimination under Title VII of the Civil Rights Act. (Filing No. 6.) Specifically, the court stated:

> Here, Plaintiff does not allege that she is a member of a protected class, or that she was meeting the legitimate expectations of her employer. As such, Plaintiff has failed to set forth a prima facie case of discrimination under Title VII. In addition, Plaintiff has not filed a copy of her EEOC charge or her right-to-sue notice. Thus, the court cannot determine whether Plaintiff's claim is timely. On the court's own motion, the court will permit Plaintiff 30 days in which to (1) amend her Complaint to allege a prima facie case of discrimination under Title VII, and (2) file a copy of her EEOC charge and right-to-sue notice with the court.

(*Id.* at CM/ECF p. 6.) In light of these pleading deficiencies, the court gave Plaintiff an opportunity to amend her Complaint.

Plaintiff filed an Amended Complaint on July 26, 2012. (Filing No. 7 at CM/ECF pp. 1-17.) Once again, Plaintiff failed to allege that she was meeting the legitimate expectations of her employer, or that circumstances exist that give rise to an inference of discrimination. Indeed, there are no allegations in Plaintiff's Amended Complaint (*id.* at CM/ECF pp. 1-6), or in her Charges of Discrimination filed with the United States Equal Employment Opportunity Commission (*id.* at CM/ECF pp. 11-14), that her employer's

decision to terminate her was based on her sex or national origin. Rather, Plaintiff alleges that her supervisor witnessed an argument between Plaintiff and another female employee, Plaintiff's supervisor immediately informed Plaintiff that she would not "work here for long," and Plaintiff was contacted the next morning and asked not to return to work. (*Id.* at CM/ECF pp. 2-3.)

After careful review of Plaintiff's Amended Complaint, the court finds that Plaintiff has failed to state a claim upon which relief may be granted. See *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009), ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

IT IS THEREFORE ORDERED that this matter is dismissed without prejudice because Plaintiff's Amended Complaint (Filing No. 6), fails to state a claim upon which relief may be granted. A separate judgment will be entered in accordance with this Memorandum and Order and the court's June 29, 2012, Memorandum and Order.

DATED this 10th day of September, 2012.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.